J-S30023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: T.N.A, A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: T.N.A., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 939 EDA 2023 |

Appeal from the Order Entered March 10, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-JV-0000026-2023

BEFORE: BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, J.: **FILED NOVEMBER 7, 2023**

T.N.A., a fifteen-year-old minor, appeals[1] from the disposition order entered in the Court of Common Pleas of Monroe County, placing her in an out-of-home detention facility. T.N.A. argues the juvenile court abused its discretion, claiming that, based on the expert testimony of psychiatrist Dr. Andrew Clark, family testimony, and the availability of community-based treatment, this was not the least restrictive treatment available. After our review, we affirm based on the trial court opinion authored by the Honorable David J. Williamson.

T.N.A. was adjudicated delinquent on charges of aggravated assault, criminal mischief, simple assault, resisting arrest, disorderly conduct, and

---

[1] The docket indicates that a dispositional order, dated March 10, 2023, was entered on March 14, 2023. On March 15, 2023, the court entered an amended dispositional hearing order. This appeal, taken from the March 10, 2023 order, was timely filed on April 5, 2023. **See** Pa.R.A.P. 903(a); 905(5).

harassment as a result of an incident in February 2023. At that time, T.N.A. was on probation for an incident at Pocono Mountain West High School, during which she had threatened school personnel, made homicidal threats regarding her parents, physically assaulted the dean of students, and had to be restrained by police. T.N.A. was found in violation of probation as a result of the new charges.

Following an adjudicatory/disposition hearing, the court determined T.N.A. was in need of treatment and ordered placement at North Central Secure Treatment Unit, stating it was "the least restrictive type of placement that is consistent with the protection of the public and best suited to [T.N.A.'s] treatment, supervision, rehabilitation, and welfare." *See* Adjudicatory/Disposition Hearing Order, 3/10/23.[2]

T.N.A. raises one issue on appeal:

Is it an abuse of discretion when the trial court, based solely upon the Juvenile Probation Department's recommendation, removed [T.N.A.] from her home, when T.N.A.'s mother, her family therapist, and an expert in adolescent behavioral psychology all

---

[2] The court's order specified that T.N.A. "shall undergo psychiatric treatment and shall undergo a psychiatric evaluation and abide by any recommendations for treatment[,]" and that [t]his placement and [T.N.A.] shall be reviewed in accordance with the Juvenile Act." *Id.* Unlike the criminal justice system, in which a criminal defendant's judgment of sentence continues without further involvement by the trial court unless overturned on appeal, a juvenile's disposition "is subject to frequent, mandatory review by the hearing court." *In re M.D.*, 839 A.2d 1116, 1119 (Pa. Super. 2003). "[I]n the event a judge enters a disposition order that provides for commitment, the judge is **required** to review the propriety of that commitment every six months and must also hold a disposition hearing at least every nine months." *Id.* (citing 42 Pa.C.S.A. § 6353) (emphasis in original).

testified at her dispositional hearing that secure detention was not
the least restrictive means available to meet T.N.A.'s needs?

Appellant's Brief, at 3.

We review "a juvenile court's dispositional order directing out-of-home placement for an abuse of discretion." ***Interest of D.W.***, 220 A.3d 573, 576 (Pa. Super. 2019) (citation omitted). We will not disturb the disposition implemented by juvenile court absent a manifest abuse of discretion. ***In re R.D.***, 44 A.3d 657, 681 (Pa. Super. 2012). "It is well settled that, under Pennsylvania law, an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings." ***Interest of D.W.***, 220 A.3d at 576 (internal brackets and citation omitted). Moreover, we note that, "in a juvenile proceeding, the hearing judge sits as the finder of fact. The weight to be assigned the testimony of the witnesses is within the exclusive province of the fact finder." ***Id.*** (citation omitted). ***See also Interest of C.B.***, 241 A.3d 677, 681 (Pa. Super. 2020) (juvenile courts afforded broad discretion to craft appropriate disposition).

Section 6352 of the Juvenile Act sets forth six dispositional options for juveniles who have been adjudicated delinquent, including placement on supervision and commitment to a facility for delinquent children. ***See*** 42 Pa.C.S.A. § 6352(a). In choosing among these alternatives, a juvenile court must consider which dispositional alternative is

> consistent with the protection of the public interest and best suited
> to the child's treatment, supervision, rehabilitation and welfare,

which disposition shall, as appropriate to the individual circumstances of the child's case, provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable the child to become a responsible and productive member of the community[.]

*Id.* Further, when a disposition involves an out-of-home placement, the juvenile court must explain on the record why such commitment is "the least restrictive placement that is consistent with the protection of the public and best suited to the child's treatment, supervision, rehabilitation and welfare." 42 Pa.C.S.A. § 6352(c). *See also* 42 Pa.C.S.A. § 6301(b)(3)(i) (disposition "separating the child from parents only when necessary for his welfare, safety or health or in the interests of public safety, by doing all of the following: (i) employing evidence-based practices whenever possible and, in the case of a delinquent child, by using the least restrictive intervention that is consistent with the protection of the community, the imposition of accountability for offenses committed and the rehabilitation, supervision and treatment needs of the child").

Here, the court heard testimony from T.N.A.'s mother, T.N.A.'s family therapist, T.N.A.'s probation officer, Patrol Officer Austin Price, and Dr. Andrew Clark, psychiatrist and section chief of the adolescent behavioral health unit at St. Luke's Hospital, who had treated T.N.A. for two inpatient admissions on November 3, 2022, and on February 9, 2023. After consideration of the testimony from the adjudicatory and dispositional hearings, the juvenile court concluded that community-based treatment and

- 4 -

placement with her parents was "less than what is necessary at this time." Trial Court Opinion, 4/12/23, at 12. ***See also id.*** at 10-11 (noting T.N.A.'s lack of self-awareness and remorse, stating "[w]hether her actions are due to prior trauma and dissociative rage or some other mental health condition, or simply reactive behavioral issues, [T.N.A.] needs more help than what has been provided in the community[,]" and disagreeing with recommendations of "more of the same").

We defer to the juvenile court's credibility determinations, ***D.W.***, ***supra***, and conclude that the court's findings are well-supported by the record. We find no manifest abuse of discretion. ***R.D.***, ***supra***. Accordingly, we affirm the court's order based on Judge Williamson's opinion. We direct the parties to attach a copy of that opinion in the event of further proceedings.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/7/2023